UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: ) | Bankr. No. 10-40718 |
| ) | Chapter 13 |
| LAWRENCE WILLIAM LEIFERMAN, ) | |
| aka Larry Leiferman, ) | |
| SSN/ITIN xxx-xx-2756, ) | |
| ) | |
| and ) | BRIEF IN SUPPORT OF CHAPTER 13 |
| ) | PLAN CONFIRMATION |
| BARBARA JEAN LEIFERMAN, ) | |
| SSN/ITIN xxx-xx-1106, ) | |
| ) | |
| Debtors. ) | |

### STATE OF THE CASE

Debtors filed a Proposed Chapter 13 Plan, wherein they propose to modify Wells Fargo's Mortgage relating to Debtors' homestead property. Wells Fargo Bank, N.A. timely objected to Debtors' Plan and the proposed modification of the Mortgage. The Court ordered Briefs to be filed by Wells Fargo and Debtors on the issue of whether Wells Fargo's Mortgage may be modified.

### FACTS

There are no facts in dispute. Debtors admit that Wells Fargo holds a Note secured by a Mortgage against Debtors' real property. Debtors' proposed Plan modifies the interest rate, monthly payment and amortized term of the Mortgage. A true and correct copy of the Mortgage is to be attached to Wells Fargo's Brief in this matter.

### ARGUMENT

11 U.S.C. 1322(b)(2), states the Plan may:

> modify the rights of holders of secured claims, other than a claim
> secured only by a security interest in real property that is the
> Debtors' principal residence, . . .

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, added related definitions as follows:

11 U.S.C. 101(13A), defines the term "debtors' principal residence" to mean a residential structure, including incidental property, without regard to whether that structure is attached to real property; and

11 U.S.C. 101(27B), defines "incidental property" with respect to a Debtors' principal residence to mean:

(A) property commonly conveyed with a principal residence in the area where the real property is located;

(B) all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and

(C) all replacements or additions.

Prior to the enactment of the BAPCPA, this court issued the opinion of In re Gregory and Melinda Robinson, Chapter 13; Bankruptcy No. 04-40674, by Memorandum Opinion dated April 4, 2005. In the Memorandum Opinion, this Court held that a Mortgage could be modified since the Mortgage included an assignment of rents and was therefore removed from the protections of §1322(b)(2). Now with the codes specific definition of "incidental property" to include "rents", the Robinson case would appear to be no longer applicable.

It is submitted, that even with the definition changes under BAPCPA, there is still the initial requirement that the claim be secured only by "real" property. In re Reinhardt, 563 F.3d 558, (6th Circuit 2009). This would be subject to only the specific identified "incidental property" as defined by §101(27B). The Mortgage at issue provides security in more than real property and more than the specific identified items stated in §101(27B).

The anti-modification provision of §1322(b)(2) has two mandated requirements. First, the security interest must be in real property and second, the real property must be Debtors' principal residence. In re Ennis, 558 F.3d 343, (4th Circuit 2009). Security cannot be protected by the anti-modification clause unless it is strictly realty, (Ennis), or specifically identified as "incidental property" under §101(27B).

Turning to the Mortgage at issue.

1. "Escrow items" are those specifically defined on page 2, #(L), to be limited to those items stated in section 3 of the Mortgage, which begins on page 4.

2. The term "miscellaneous proceeds" is specifically defined on page 2 of the Mortgage, paragraph (M).

3. The top of page 3 of the Mortgage specifically states that the Mortgage secures not only the loan and Note, but also borrowers' covenants and agreements under the Security instrument and Note.

Debtors submit that "covenants and agreements" and "miscellaneous proceeds" are not real property, not covered by the definition of "escrow items", not "insurance proceeds", nor any other items specifically identified in §101(27B). This means that the Mortgage at issue is not secured "only" by a security interest in real property, and may therefore be modified. The term defined as "incidental property" under §101(27B), does not state it "includes" those items listed in (A), (B) and (C), which if used would indicate the items listed could be expanded,[1] the definition states exactly what items are to be defined as "incidental property", and nothing else. The additional security granted in "covenants and agreements", and "miscellaneous proceeds", are not defined "incidental property".

Page 6 of the Mortgage, first full paragraph, states that "any amounts disbursed by lender under this section 5 shall become additional debt of borrower secured by this Security instrument." This is additional security, not real property and not specifically defined in §101(27B) nor a defined "escrow item". Since the Mortgage specifically defines "escrow items" on page 2, #(L), and page 4, #3. This could be described as an accounts receivable held by the Mortgage holder and owed by a Debtor. Certainly an account is not real property, which would be required for the anti-modification provision.

Page 7 of the Mortgage, paragraph 9, includes several instances where the Mortgage holder provides for security in items other than real property or "incidental property" as defined in §101(27B). The second paragraph in #9 specifically provides that any such advancement or additional debt is secured by the Mortgage. Again, comparable to an accounts receivable where lender takes additional security not related to real property, etc.

The term "Mortgage insurance" is defined on page 2 of the Mortgage, paragraph (N), and more specifically outlined in paragraph 10, page 7 of the Mortgage. Debtors pledge "covenants" relating to "Mortgage insurance", and as earlier identified "covenants" are additional security as mandated by the Mortgage, (top of page 3). Paragraph 11, page 8 of the Mortgage, also

---

[1] The use of the word "includes" is indicative of Congress' intent not to limit the classification to the Statutory definition. In re Enterprise Acquisition, 319 B.R. 626, 631, (9th Circuit 2004). Congress did not use the word "includes" in §101(27B).

identifies "miscellaneous proceeds" and such covenants act as additional security. None of this additional security is real property or in the specific definition of "incidental property".

Clearly the Mortgage holder drafted the security document. The Mortgage holder was very careful to include the "incidental property" defined in §101(27B) as being included as protected security, and could very easily have drafted the Mortgage security document to include the additional security of "covenants" and other items to fall within the allowed "escrow items" to stay within the anti-modification provisions. The Mortgage grants security in items other than real property or defined "incidental property" and therefore is not secured <u>only</u> by an interest in real property. This security instrument does not fall within the prohibition against modification mandated by §1322(b)(2).

## CONCLUSION

Since the applicable Mortgage does not provide for security only in real property, Debtors' Plan should be confirmed with the Mortgage modification provisions.

Respectfully submitted this ____ day of December, 2010.

GERRY & KULM ASK, PROF. LLC:

BY: /s/ Clair R. Gerry
CLAIR R. GERRY
Attorney for Debtors
507 W. 10th St., PO Box 966
Sioux Falls, SD 57101-0966
(605) 336-6400 Fax: (605) 336-6842
E-Mail: gerry@sgsllc.com