# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: ) | Bankr. Case No. 10-40718 |
| ) | Chapter 13 |
| ) | |
| LAWRENCE WILLIAM LEIFERMAN ) | |
| aka Larry Leiferman ) | |
| SSN/ITN xxx-xx-2756 ) | **BRIEF IN SUPPORT OF** |
| and ) | **OBJECTION TO SEPTEMBER 7,** |
| BARBARA JEAN LEIFERMAN ) | **2010 CHAPTER 13 PLAN** |
| SSN/ITN xxx-xx-1106 ) | |
| ) | |
| Debtors. ) | |

**************************************************************

## I. INTRODUCTION

COMES NOW Creditor Wells Fargo Bank, N.A., with its Brief in Support of Objection to September 7, 2010 Chapter 13 Plan as follows:

Wells Fargo Bank, N.A. objects to the September 7, 2010 Chapter 13 Plan, as debtors attempt to modify the mortgage in this case. For the Court's reference, a full copy of the note and mortgage between the parties is attached as Exhibits A and B, respectively. Debtors wish to reduce the interest rate to 5.000% instead of the appropriate rate, the contract rate of 6.375%. Debtors further attempt to change the monthly payment and the amortization terms. Debtors believe that the mortgage is not secured only by the "debtors' principal residence" as required by 11 U.S.C. § 1322(b)(2) and that therefore the anti-modification language of 11 U.S.C. § 1322(b)(2) (as follows), does not apply. Creditor disagrees and contends both that (a) the mortgage is secured by nothing more than a security interest in the Debtors' primary residence, and that (b) therefore the protections of 11 U.S.C. § 1322(b)(2) apply to the mortgage.

1

## II. ARGUMENT

The applicable statutory law provides as follows:

> **(b)** Subject to subsections (a) and (c) of this section, the plan may—
> **(2)** modify the rights of holders of secured claims, other than a claim secured **only by** a security interest in real property that is **the debtor's principal residence**, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

11 U.S.C. § 1322(b)(2) (2010) (emphasis added). Prior to the 2005 amendments to Chapter 13 of the U.S. Bankruptcy Code, there was a significant split of authority over what constitutes additional security within a mortgage sufficient to remove the mortgage from the umbrella of protection provided by § 1322(b)(2). Due to this split of authority, the amendments of 2005 clarified the following relevant definitions:

> (13A)  The term "debtor's principal residence"—
> (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.
>
> (27B)  The term "incidental property" means, with respect to a debtor's principal residence—
> (A) Property commonly conveyed with a principal residence in the area where the real property is located;
> (B) All easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and
> (C) All replacements or additions.

11 U.S.C. § 101(13A), (27B) (2010). The above definitions make it clear that the language contained within the mortgage between the parties in this case concerns matters which, by law, are considered part of the debtor's principal residence. The mortgage contains language which grants an interest in exactly the items described in the Bankruptcy Code to be included in the definition of a "debtor's principal residence."

Debtors contend that the loan is secured by more than the debtors' principal residence. Portions of the mortgage include language granting Wells Fargo Bank, N.A. a security interest in the residence together with "all the improvements now or hereafter erected on the property, ... all easements, appurtenances, and fixtures ... [as well as] all replacements and additions...." There is additional language within the mortgage granting Creditor the right, in the event of loss so extensive on the property that restoration or repair is not economically feasible or such that Lender's security would be lessened, to first apply any insurance proceeds to the sums secured by the mortgage and then pay excess proceeds to the Debtors. Finally, language within the mortgage also assigns all "Miscellaneous Proceeds" to Creditor.[1] On the basis of the above-referenced language within the mortgage, Debtors contend that the loan is secured by more than a security interest in the debtors' principal residence. The mortgage does not grant an interest in anything other than items incidental to the principal residence.

This Court addressed a related matter in 2005 in a bankruptcy action entitled *In re Gregory A. and Melinda Robinson*, Chapter 13; Bankr. No. 04-40674. In that case, this Court ruled that the mortgage's assignment of rents provision gave the mortgagee a security interest in something other than the Debtors' principal residence. The Court's ruling did not consider the 2005 amendments to the bankruptcy code because those amendments were not applicable to actions that had commenced prior to the amendments' effective date. Had those amendments been in effect at the time the petition was filed, however, they would have given this Court cause to make an opposite ruling, were it asked to do so on those same facts again. In the instant case, not only do the 2005 amendments

---

[1] "Miscellaneous Proceeds" is defined within the mortgage as "any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds...) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any party of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property."

3

clarify what constitutes the debtor's principal residence, but there is no assignment of rents clause within the mortgage itself.

A district court in the Eighth Circuit has seen this issue. *In re Pruitte*, 157 B.R. 662 (Bankr. E.D. Mo. 1993). The district court in *Pruitte* determined that the note at issue was secured only by debtors' principal residence even though the deed of trust also referred to improvements, easements, rights, appurtenances, rents, royalties, mineral rights and profits, water rights, and fixtures. Even though the secured creditor would have benefitted from the payment terms in the bankruptcy plan, because of an increase in the interest rate, the court decided this change impermissibly altered the legal, equitable and contractual rights of the secured creditor, and would not allow the modification. Thus, Chapter 13 plans may not modify a secured creditor's claim. *Id.*, at 664, 666.

There are numerous mortgage instruments that contain language in the collateral description that includes property that may not be part of the physical land, the homestead, an accession, or a fixture. Where such a mortgage includes such other property as rents; furniture; appliances; water and mineral rights; royalties; escrow accounts; and contract rights, some courts have agreed that such language may remove the mortgage from the anti-modification provision of 11 U.S.C. § 1322(b)(2), but most of these cases were decided either before the 2005 amendments took effect or were decided in cases which had been commenced prior to the 2005 amendments' effective date.

Where courts have still held that language granting an interest in rents, improvements, additions, and the like may remove the mortgage from the anti-modification provision of 11 U.S.C. § 1322(b)(2), those courts discuss the fact that the term "real property" is not defined in the Bankruptcy Code. *Reinhardt v. Vanderbilt Mortg. & Fin., Inc. (In re Reinhardt)*, 563 F.3d

4

558, 561 (6th Cir. 2009). Such courts turn to the state law in which the property lies to determine whether the disputed property is "real property." In *In re Reinhardt*, the court affirmed the bankruptcy court's finding that under Ohio law, the debtors' mobile home was not "real property," because it was not attached to the land, and because the debtors had never surrendered their certificate of title to the mobile home.

In the mortgage at issue in this case, however, there is no security granted in an item lying outside the definition of real property. South Dakota defines "real property" as follows: "Real or immovable property consists of: (1) Land; (2) That which is affixed to land; (3) That which is incidental or appurtenant to land; (4) That which is immovable by law." S.D. Codified Laws § 43-1-3 (2010). Under this definition of real property, there is nothing contained within the mortgage between the Debtors and Wells Fargo Bank, N.A. that grants Creditor an interest in anything other than real property as defined South Dakota law. The language within the mortgage granting Creditor an interest in all improvements, easements, appurtenances, fixtures, replacements, and additions should be interpreted to grant a security interest in things that are included in the definition of the "debtor's principal residence" by the 2005 amendments to the Bankruptcy Code. Those amendments do not conflict with South Dakota's definition of real property in this case.

Debtors may argue that because the amendments to the Bankruptcy Code were effective after this mortgage was executed, such amendments do not apply to this mortgage. However, the amendments became effective in 2005, and were only inapplicable to cases commenced prior to the amendments' effective date. Pub. L. No. 109–8, § 1501, 119 Stat. 23, 216 (2005). Since this case was commenced after 2005, the amendments are applicable here.

## CONCLUSION

On the basis of 11 U.S.C. § 101(13A), (27B), § 1322(b)(2), and South Dakota's statutory definition of real property, Wells Fargo Bank, N.A. objects to any modification of Creditor's rights in the chapter 13 plan, and requests that such plan be amended to use the contract rate of interest of 6.375%, to make the same monthly payments as required under the attached note and mortgage, and to conform to the amortization terms also contained within the attached note and mortgage. Further, the amended plan should address repayment of the arrearages shown in the Proof of Claim filed by Creditor.

Dated this day December 9, 2010.

> MACKOFF KELLOGG LAW FIRM
> Attorneys for the Defendant
> Office and Post Office Address:
> 38 Second Avenue East, P.O. Box 1097
> Dickinson, North Dakota 58601-1097
>
> By: /s/ Glen R. Bruhschwein
>     Glen R. Bruhschwein
>     Attorney for Wells Fargo Bank, N.A.